GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack (BM 1390)
17 State Street, 4th floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

*[Stamp: JUDGE MOTLEY]*

*[Stamp: 05 CV 3154]*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

TATIANA POPOVA,

                         Plaintiff,

      -against-

CITYWIDE TECHNOLOGY, INC., DREW ARLO, and
VICTOR GIANCOLA,

                         Defendants.
-----------------------------------------------------------------X

*[Stamp: RECEIVED MAR 23 2005 U.S.D.C. S.D.N.Y. CASHIERS]*

Index No.

COMPLAINT

Plaintiff TATIANA POPOVA, by and through her attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for her Complaint, alleges as follows:

### NATURE OF THE ACTION

1.    This is a civil action arising under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") as amended by the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"); New York Labor Law, N.Y. Lab. Law § 194; New York State Human Rights Law, N.Y. Exec. Law §291 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq. ("NYCHRL") to secure legal and equitable relief for equal pay violations,

discrimination on the basis of sex, and retaliation.

## JURISDICTION

2.  Jurisdiction of this Court is invoked under the following statutes:

    (a)  28 U.S.C. §1331 (federal question);

    (b)  28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce);

    (c)  29 U.S.C. §216(b) (private right of action under FLSA);

    (d)  42 U.S.C. §2000e-5(f)(3) (private right of action under Title VII);

    (e)  28 U.S.C. §1367 (supplemental jurisdiction).

3.  Venue properly lies in this district under 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3).

## PARTIES

4.  Plaintiff TATIANA POPOVA ("POPOVA" or "Plaintiff") is an adult female residing in Brooklyn, New York, who, at all relevant times, was and is an employee of and employed by CITYWIDE TECHNOLOGY, INC. as defined in Sections 3(e)(1) and 3(g) of FLSA [29 U.S.C. §§203(e)(1) and 203(g)], Section 701(b) of Title VII [42 U.S.C. 2000e(b)], Section 190(2) of New York Labor Law [N.Y. Lab. L. §190(2)], Section 292(6) of NYSHRL [N.Y. Exec. L. §292(6)], and Section 8-102(5) of NYCHRL [NYC Admin. Code §8-102(5)].

5.  Defendant CITYWIDE TECHNOLOGY INC. ("CITYWIDE"), is a corporation

doing business in the State of New York and has a place of business at 2 Pennsylvania Plaza, room 150, New York, New York 10121. At all relevant times, CITYWIDE was and is an employer as defined in Section 3(g) of FLSA [29 U.S.C. §203(g)], Section 701(b) of Title VII [42 U.S.C. 2000e(b)], Section 190(3) of New York Labor Law, Section 292(5) of NYSHRL [N.Y. Exec. L. §292(5)], and Section 8-102(5) of NYCHRL [NYC Admin. Code §8-102(5)].

6. Upon information and belief, CITYWIDE's annual gross volume of sales made or business done exceeds, and at all times hereinafter mentioned has exceeded, $500,000.

7. Upon information and belief, at all times hereinafter mentioned, CITYWIDE has employed and is employing employees engaged in interstate commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

8. CITYWIDE is an enterprise as defined in Section 3(r)(1) of FLSA [29 U.S.C. §203(r)(1)] in an industry affecting commerce as defined in Section 3(s)(1)(A) of FLSA [29 U.S.C. §203(s)(1)(A)].

9. Upon information and belief, Defendant DREW ARLO ("ARLO") is a principal and/or owner of CITYWIDE. ARLO was and is an employer as defined by Sections 3(d) and 3(g) of FLSA [20 U.S.C. §§203(d) and 203(g)], Sections 2(6), 2(7), 2(8-a) of New York Labor Law, and Section 292(5) of NYSHRL [N.Y. Exec. L. §292(5)]; and an agent of the employer as defined by Section 8-107(1)(a) of NYCHRL [NYC Admin. Code §8-107(1)(a)].

10. Upon information and belief, Defendant VICTOR GIANCOLA ("GIANCOLA") is a principal and/or owner of CITYWIDE. GIANCOLA was and is an employer as defined

by Sections 3(d) and 3(g) of FLSA [20 U.S.C. §§203(d) and 203(g)], Sections 2(6), 2(7), 2(8-a) of New York Labor Law, and Section 292(5) of NYSHRL [N.Y. Exec. L. §292(5)]; and an agent of the employer as defined by Section 8-107(1)(a) of NYCHRL [NYC Admin. Code §8-107(1)(a)].

11.     Defendants CITYWIDE, ARLO, and GIANCOLA are hereinafter collectively referred to as "Defendants."

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Upon information and belief, CITYWIDE performs computer related services for the Bank of New York.

13.     Upon information and belief, in November 2001, CITYWIDE hired Plaintiff effective November 12, 2001.

14.     At all relevant times, Plaintiff performed her duties as an employee of CITYWIDE for the benefit of the Bank of New York and primarily at the premises of the Bank of New York.

15.     On or about September 1, 2003, CITYWIDE promoted Plaintiff to perform the duties of a security administrator/analyst as part of the Norton Anti-Virus team at the Bank of New York ("NAV-Team"). The NAV-team is now referred to as the Enterprise Response Team ("ER-Team").

16.     At all relevant times, CITYWIDE provided several employees to the NAV-Team/ER-Team to perform the duties of a security administrator/analyst.

17.     At all relevant times, Plaintiff was the only female CITYWIDE employee on the NAV-Team/ER-Team.

18. From and after September 1, 2003, on a regular basis, CITYWIDE has assigned Plaintiff to train higher paid male NAV-Team/ER-Team members.

19. From and after September 1, 2003, on a regular basis, CITYWIDE has assigned Plaintiff to correct mistakes made by higher paid male NAV-Team/ER-Team members.

20. From and after September 1, 2003, Plaintiff has more than adequately performed her job, and has been assigned more duties and responsibilities and exhibited greater skill and effort than her male colleagues on the NAV-Team/ER-Team.

21. Upon information and belief, since at least September 1, 2003, CITYWIDE has paid Plaintiff at a rate less than her male colleagues on the NAV-Team/ER-Team.

22. Upon information and belief, since at least September 1, 2003, CITYWIDE has employed male employees at the same establishment performing computer related duties of substantially equal skills, effort and responsibility to Plaintiff's duties under similar working conditions.

23. Upon information and belief, since at least September 1, 2003, CITYWIDE has paid such male employees performing work at the same establishment requiring equal skill, effort, and responsibility under similar working conditions at a rate higher than CITYWIDE has paid Plaintiff.

24. Upon information and belief, at all relevant times, Defendant ARLO has been and is an owner of CITYWIDE.

25. At all relevant times, Defendant ARLO has had and has the power to determine wages paid to CITYWIDE employees, including Plaintiff.

26. At all relevant times, Defendant ARLO has had and has substantial control

over the terms and conditions of work performed by CITYWIDE's employees, including Plaintiff, including but not limited to decisions to hire, fire, assign, transfer and compensate employees.

27. Upon information and belief, at all relevant times, Defendant GIANCOLA has been and is an owner of CITYWIDE.

28. Upon information and belief, at all relevant times, Defendant GIANCOLA has had and has the power to determine wages paid to employees, including Plaintiff.

29. Upon information and belief, at all relevant times, Defendant GIANCOLA has had and has substantial control over the terms and conditions of work performed by CITYWIDE's employees, including Plaintiff, including but not limited to decisions to hire, fire, assign, transfer and compensate employees.

30. In the Summer of 2004, when Plaintiff complained about her compensation, Defendant ARLO offered to raise Plaintiff's annual pay to $45,000 to bring her to the average of male employees, but subsequently withdrew this offer and since then has failed and refuse to give her any increase in compensation.

31. Upon information and belief, Defendant GIANCOLA participated in the decision to make and withdraw the increase.

32. On July 13, 2004, within 180 days of some of the occurrences of which Plaintiff complains, Plaintiff filed charges of sex-based employment discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC").

33. It is CITYWIDE's written policy to schedule performance evaluations approximately every 18 months and to make pay adjustments based in part upon the

employee's performance evaluation.

34. Plaintiff was due for her next performance evaluation in February 2005.

35. To date, Plaintiff has not received a performance evaluation.

36. Upon information and belief, CITYWIDE'S failure to conduct Plaintiff's performance evaluation is in retaliation for Plaintiff's filing charges with the EEOC and the New York State Division of Human Rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## EQUAL PAY ACT

37. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36.

38. Upon information and belief, from September 1, 2003 and continuing into the present, CITYWIDE has failed and is failing to pay Plaintiff at the same rate it has been and is paying male employees in the same establishment for work that requires substantially equal skill, effort, and responsibility and is performed under similar working conditions.

39. Defendant ARLO is individually liable, jointly and severally with all other Defendants, as Plaintiff's employer pursuant to Section 3(d) and 3(g) of FLSA [29 U.S.C. §§203(d) and 203(g)].

40. Defendant GIANCOLA is individually liable, jointly and severally with all other Defendants, as Plaintiff's employer pursuant to Section 3(d) and 3(g) of FLSA [29 U.S.C. §§203(d) and 203(g)].

41. By virtue of the foregoing, Defendants have violated Section 6(d) of the Equal

Pay Act ("EPA") [29 U.S.C. § 206(d)].

42. Defendants' violation of Section 6(d) of the Equal Pay Act ("EPA") [29 U.S.C. § 206(d)] is willful.

43. Plaintiff is entitled to recover from Defendants the difference between the wages actually received by the Plaintiff and the wages paid to male employees for equal work within the meaning of the Equal Pay Act in the amount of at least $40,000 for lost wages, an additional equal amount as liquidated damages, reasonable attorneys fees, and costs of the action, pursuant to Sections 6(d)(3) and 16(b) of FLSA [29 U.S.C. §§206(d)(3) and 216(b)].

44. Plaintiff consents in writing to be a party to this action, pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)]. Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

### AS AND FOR A SECOND CAUSE OF ACTION
### RETALIATION UNDER THE EQUAL PAY ACT

45. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 44.

46. Upon information and belief, Defendants' failure to conduct an evaluation of Plaintiff's performance is in retaliation for Plaintiff's charges, in violation of Section 15(a)(3) of FLSA [29 U.S.C. §215(a)(3)].

47. Plaintiff is entitled to a performance evaluation, a merit increase, liquidated damages, reasonable attorneys fees, and costs of the action, pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)].

## AS AND FOR A THIRD CAUSE OF ACTION
## TITLE VII DISCRIMINATION BASED ON SEX

48.     Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36.

49.     Upon information and belief, from September 1, 2003 and continuing into the present, CITYWIDE has paid Plaintiff compensation and benefits less than the compensation and benefits it paid to male employees for work requiring substantially similar skill, effort and responsibility.

50.     On or about January 5, 2005, Plaintiff received a "Notice of Right to Sue" from the EEOC.

51.     Plaintiff's wages and benefits have been and are depressed because of intentional sex discrimination by CITYWIDE.

52.     CITYWIDE's above-stated actions deny Plaintiff equal employment opportunities and income in the form of wages and benefits solely because of her sex in violation of Title VII, 42 U.S.C. §2000e et seq.

53.     Plaintiff is entitled to recover from CITYWIDE back pay, compensatory damages, including damages for emotional distress, pursuant to Section 705(g) of Title VII [42 U.S.C. 2000e-5(g)] and 42 U.S.C. §1981a(a)(1), and reasonable attorneys' fees and costs of the action pursuant to Section 706(k) of Title VII [42 U.S.C. §2000e-6(k)].

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

54.     Plaintiff repeats and re-alleges as if fully set forth herein the allegations in

paragraphs 1 through 36 and 48-53.

55. Upon information and belief, Defendants' failure to conduct an evaluation of Plaintiff's performance is in retaliation for Plaintiff's charges, in violation of Section 703(a) of Title VII [42 U.S.C. §2000e-3(a)].

56. Plaintiff is entitled to a performance evaluation, a merit increase, compensatory damages, including damages for emotional distress, pursuant to Section 705(g) of Title VII [42 U.S.C. 2000e-5(g)] and 42 U.S.C. §1981a(a)(1), and reasonable attorneys' fees and costs of the action pursuant to Section 706(k) of Title VII [42 U.S.C. §2000e-6(k)].

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW EQUAL PAY VIOLATION

57. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36.

58. Defendant ARLO is individually liable, jointly and severally with all other Defendants, as Plaintiff's employer pursuant to Sections 2(6), 2(7), 2(8-a) of New York Labor Law [N.Y. Lab. L. §§2(6), 2(7), and 2(8-a)].

59. Defendant GIANCOLA is individually liable, jointly and severally with all other Defendants, as Plaintiff's employer pursuant to Sections 2(6), 2(7), 2(8-a) of New York Labor Law [N.Y. Lab. L. §§2(6), 2(7), and 2(8-a)].

60. From September 1, 2003 and continuing into the present, Defendants willfully violated Plaintiff's rights by paying Plaintiff at a rate less than the rates at which employees of the opposite sex in the same establishment are paid for equal work on a job the

performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions, in violation of Section 194 of New York Labor Law (N.Y. Lab. L. §194)

61.     Plaintiff is entitled to recover from Defendants an amount of at least $40,000 for lost wages and benefits, an additional amount of at least $10,000 as liquidated damages, reasonable attorneys fees, and costs of the action, pursuant to Sections 198(1-a) and 198(3) of New York Labor Law. [N.Y. Lab. L. §§198(1-a) and 198(3)].

### AS AND FOR A SIXTH CAUSE OF ACTION
### RETALIATION UNDER NEW YORK LABOR LAW

62.     Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36 and 57-61.

63.     Upon information and belief, Defendants' failure to conduct an evaluation of Plaintiff's performance is in retaliation for Plaintiff's charges, in violation of Section 215 of New York Labor Law (N.Y. Lab. L. §215).

64.     Plaintiff is entitled to a performance evaluation, merit increase, damages, reasonable attorneys fees, and costs of the action, pursuant to Sections 215(2) of New York Labor Law. [N.Y. Lab. L. §215(2)].

### AS AND FOR A SEVENTH CAUSE OF ACTION
### STATE HUMAN RIGHTS LAW, DISCRIMINATION BASED ON SEX

65.     Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36.

11

66. On July 13, 2004, Plaintiff filed charges of sex-based employment discrimination with the New York State Division of Human Rights, which dismissed the charges on the grounds of administrative convenience on January 28, 2005.

67. Defendant ARLO is individually liable, jointly and severally with all other Defendants, as an employer of Plaintiff pursuant to Section 292(5) of NYSHRL [N.Y. Exec. L. §292(5)].

68. Defendant ARLO has aided and abetted the discriminatory conduct by determining the wages that CITYWIDE pays to Plaintiff and its other employees.

69. Defendant ARLO is individually liable, jointly and severally with all other Defendants, pursuant to Section 296(6) of NYSHRL [N.Y. Exec. L. §296(6)].

70. Defendant GIANCOLA is individually liable, jointly and severally with all other Defendants, as an employer of Plaintiff pursuant to Section 292(5) of NYSHRL [N.Y. Exec. L. §292(5)].

71. Upon information and belief, Defendant GIANCOLA has aided and abetted the discriminatory conduct by determining the wages paid to CITYWIDE's employees, including Plaintiff.

72. Defendant GIANCOLA is individually liable, jointly and severally with all other Defendants, pursuant to Section 296(6) of NYSHRL [N.Y. Exec. L. §296(6)].

73. The above acts and practices of Defendants constitute unlawful discriminatory employment practices on the basis of sex within the meaning of Section 296(1)(a) of NYSHRL [N.Y. Exec. L. §296(1)(a)].

74. Plaintiff is entitled to recover back pay and compensatory damages, including damages for emotional distress, pursuant to Section 297(4)(c) of NYSHRL [N.Y. Exec. L.

§297(4)(c)].

## AS AND FOR A EIGHTH CAUSE OF ACTION
## RETALIATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

75. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36 and 65-74.

76. Upon information and belief, Defendants' failure to conduct an evaluation of Plaintiff's performance is in retaliation for Plaintiff's charges, in violation of Section 296(1)(e) of NYSHRL [N.Y. Exec. L. §296(1)(e)].

77. Plaintiff is entitled to a performance evaluation, a merit increase, and compensatory damages pursuant to Section 297(4)(c) of NYSHRL [N.Y. Exec. L. §297(4)(c)].

## AS AND FOR A NINTH CAUSE OF ACTION
## CITY HUMAN RIGHTS LAW, DISCRIMINATION BASED ON SEX

78. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36.

79. Defendant ARLO discriminated against Plaintiff by determining the wages paid to CITYWIDE's employees, including Plaintiff.

80. Defendant ARLO is individually liable, jointly and severally with all other Defendants, as an agent of CITYWIDE pursuant to Section 8-107(1)(a) of NYCHRL [N.Y.C. Admin. Code §8-107(1)(a)].

81. Upon information and belief, Defendant GIANCOLA discriminated against

Plaintiff by determining the wages paid to CITYWIDE's employees, including Plaintiff.

82. Defendant GIANCOLA is individually liable, jointly and severally with all other Defendants, as an agent of CITYWIDE pursuant to Section 8-107(1)(a) of NYCHRL [N.Y.C. Admin. Code §8-107(1)(a)].

83. The above acts and practices of Defendants constitute unlawful discriminatory employment practices on the basis of sex within the meaning of Section 8-107 of NYCHRL (NYC Admin. Code §8-107).

84. As a result of Defendants' discriminatory acts, Plaintiff is entitled to recover from Defendants back pay, and damages pursuant to Section 8-502(a) of NYCHRL [NYC Admin. Code §8-502(a)], as well as reasonable attorneys' fees and costs of the action pursuant to Section 8-502(f) of NYCHRL [NYC Admin. Code §8-502(f)].

## AS AND FOR A TENTH CAUSE OF ACTION
## RETALIATION UNDER NEW YORK CITY HUMAN RIGHTS LAW

85. Plaintiff repeats and re-alleges as if fully set forth herein the allegations in paragraphs 1 through 36 and 78-84.

86. Upon information and belief, Defendants' failure to conduct an evaluation of Plaintiff's performance is in retaliation for Plaintiff's charges, in violation of Section 8-107(7) of NYCHRL [NYC Admin. Code §8-107(7)].

87. Plaintiff is entitled to a performance evaluation, a merit increase, and damages pursuant to Section 8-502(a) of NYCHRL [NYC Admin. Code §8-502(a)], as well as reasonable attorneys' fees and costs of the action pursuant to Section 8-502(f) of NYCHRL [NYC Admin. Code §8-502(f)].

**WHEREFORE**, Plaintiff requests the following relief:

a) an order declaring Defendants' conduct complained of herein to be in willful violation of the Plaintiff's rights under EPA;

b) an award of lost wages equal to the difference between the wages actually received by Plaintiff and the wages paid to male employees performing equal work within the meaning of the EPA from and after September 1, 2003 to the date of judgment pursuant to Sections 206(d)(3) and 216(b) of FLSA [29 U.S.C. §§206(d)(3) and 216(b)];

c) an award of an additional equal amount as liquidated damages because of Defendants' EPA violations pursuant to Section 216(b) of FLSA [29 U.S.C. §216(b)];

d) a declaratory judgment that Defendant CITYWIDE's acts, policies and procedures violated Title VII;

e) an award against Defendant CITYWIDE of lost wages and benefits to make Plaintiff whole for all earnings she would have received but for CITYWIDE's discriminatory treatment, and other compensatory damages, including damages for emotional distress, pursuant to Section 705(g) of Title VII [42 U.S.C. 2000e-5(g)] and 42 U.S.C. §1981a(a)(1);

f) an order declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under Section 194 of New York Labor Law (N.Y. Lab. L. §194);

g) an award of lost wages and benefits because of Defendants' willful

        violation of Section 194 of New York Labor Law pursuant to Section 198(3) of New York Labor Law [N.Y. Lab. L. §198(3)];

h)    an award of liquidated damages because of Defendants' willful violation of Section 194 of New York Labor Law pursuant to N.Y. Lab. L. §198(1-a);

i)    a declaratory judgment that Defendants' acts, policies, and procedures violated NYSHRL;

j)    an award of back pay and compensatory damages pursuant to Section 297(4)(c) of NYSHRL [N.Y. Exec. L. §297(4)(c)];

k)    a declaratory judgment that Defendants' acts, policies and procedures violated NYCHRL;

l)    an award of back pay and damages pursuant to Section 8-502(a) of NYCHRL [NYC Admin. Code 8-502(a)];

m)    an order directing CITYWIDE to place Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment of her pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)], Section 705(g) of Title VII [42 U.S.C. 2000e-5(g)], Section 297(4)(c) of NYSHRL [N.Y. Exec. L. §297(4)(c)], and Section 8-502(a) of NYCHRL [N.Y.C. Admin. Code §8-502(a)];

n)    an order directing CITYWIDE to conduct an evaluation of Plaintiff's performance and award an appropriate merit increase pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)], Section 705(g) of Title VII [42 U.S.C. 2000e-5(g)], N.Y. Lab. L. §215, Section 297(4)(c) of

NYSHRL [N.Y. Exec. L. §297(4)(c)], and Section 8-502(a) of NYCHRL [N.Y.C. Admin. Code §8-502(a)];

o) an award of the costs of this action together with reasonable attorneys' fees as provided by 29 U.S.C. 216(b), 42 U.S.C. §2000e-6(k), N.Y. Lab. L. §§198(1-a) and 215, and NYC Admin. Code §8-502(f);

p) an award of prejudgment and post judgment interest as provided by law; and

q) such other and further relief as this Court deems necessary and proper.

Dated:  New York, New York
        March 22, 2005

                                    Respectfully submitted,

                                    GORLICK, KRAVITZ & LISTHAUS, P.C.
                                    Attorneys for Plaintiff

                                    By: _____
                                        Barbara S. Mehlsack (BM 1390)
                                        17 State Street, 4th floor
                                        New York, New York 10004-1501
                                        (212) 269-2500

**Exhibit A**

GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack (BM 1390)
17 State Street, 4th floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TATIANA POPOVA,

                              Plaintiff,                  Index No.

    -against-                                          CONSENT TO
                                                                BE A PARTY
                                                                PLAINTIFF

CITYWIDE TECHNOLOGY, INC., DREW ARLO, and
VICTOR GIANCOLA,

                              Defendants.
------------------------------------------------------------------X

       I, the undersigned, consent to be a party plaintiff in <u>Tatiana Popova v. Citywide Technology, Inc. et al.</u> in order to seek redress for violation of the Fair Labor Standards Act, as amended by the Equal Pay Act, pursuant to 29 U.S.C. §216(b) and hereby designate Gorlick, Kravitz & Listhaus, P.C. to represent me in this action.

Dated: New York, New York
       March 22, 2005

                                                                     _Popov_
                                                                       Signature

                                                       _Tatiana Popova_
                                                                         Name